UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE L. VENABLE,

Plaintiff,

v.

N. BROWN, et al.,

Defendants.

No. 2:26-cv-1836 AC P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I.    Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Inspection of other cases filed by plaintiff has led to the identification of at least four cases that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Venable v. Morse, No. 2:14-cv-1051 VAP AS (C.D. Cal.) (case dismissed on November 16, 2014, on defendant's motion to dismiss as facially barred by the statute of limitations[2] (ECF No. 29, adopting report and recommendation at ECF No. 26));

2. Venable v. Perry, No. 2:21-cv-0814 JAM AC (E.D. Cal.) (first amended complaint dismissed on September 3, 2021, without leave to amend for failure to state a claim (ECF No. 14));

3. Venable v. Perry, No. 2:24-cv-0133 DJC EFB (E.D. Cal.) (first amended complaint dismissed on November 3, 2025, without leave to amend for failure to state a claim (ECF No. 11)); and

4. Venable v. Tally, No. 2:24-cv-1779 TLN JDP (first amended complaint dismissed on January 27, 2025, without leave to amend for failure to state a claim (ECF No. 11)).

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] A dismissal for failure to state a cause of action upon which relief could be granted based on untimeliness can constitute a strike where the untimeliness is clear on the face of the complaint. Belanus v. Clark, 796 F.3d 1021, 1023, 1027 (9th Cir. 2015).

2

All of the preceding cases were dismissed well in advance of the May 15, 2026 filing of the instant action, and none of the strikes have been overturned.  Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint," Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022), and the allegations of such danger must be plausible, Cervantes, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The complaint alleges that plaintiff was harassed by defendants in March and April 2026, which led to him developing high blood pressure, suffering an anxiety attack, and attempting to commit suicide in April 2026.  ECF No. 1 at 3-8.  The alleged harassment included writing plaintiff up for rules violations and initiating the assessed punishment before the disciplinary was signed off on by a supervisor.  Id.  There are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.      Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

3

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2.  Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE